**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
JUNE 1998 SESSION**

| | | |
|---|---|---|
| **VICTOR THOMPSON,** | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9802-CR-00056** |
| vs. | ) | **SHELBY COUNTY** |
| **STATE OF TENNESSEE,** | ) | **No. P-12933** |
| Respondent. | ) | |

FILED

June 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

**O R D E R**

This case represents an appeal from the dismissal of the petitioner's second petition for post-conviction relief. In 1992, the petitioner pled guilty to second degree murder and aggravated assault and received a fifty year sentence. No appeal apparently was taken. The petitioner, by and through counsel, subsequently filed a petition for post-conviction relief. The trial court denied the petition after conducting an evidentiary hearing. This Court affirmed the denial on appeal, Victor Thompson v. State, No. 02C01-9509-CR-00256 (Tenn. Crim. App., July 25, 1997), and the Supreme Court denied permission to appeal on October 27, 1997.

On January 9, 1998, the petitioner filed his second petition for post-conviction relief. Finding that the petitioner had previously filed a petition for post-conviction which was heard and resolved on the merits by a court of competent jurisdiction, the trial court dismissed the petition without appointment of counsel or an evidentiary hearing.

T.C.A. § 40-30-202(c) provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was filed and resolved on the merits by a court of competent jurisdiction. Since the petitioner previously filed a petition that was resolved on the merits by the trial court and

by this Court on appeal, the petitioner's present petition was properly dismissed. Additionally, after reviewing the entire record on appeal, we find that the petitioner's claim does not fall within one of the limited circumstances under which a prior petition may be re-opened. See T.C.A. § 40-30-217.

Accordingly, we conclude that the trial court did not err in summarily dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. It appearing the petitioner is indigent, costs of this appeal shall be taxed to the state.

Enter, this the ___ day of June, 1998.

_____
PAUL G. SUMMERS, JUDGE


_____
DAVID H. WELLES, JUDGE


_____
JOE G. RILEY, JUDGE

2